# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

WILLIE JAMES HERMAN, JR.,        )
                                 )
            Petitioner,          )
v.                               )    No. 2:11-cv-049-JMS-TAB
                                 )
SUPERINTENDENT,                  )
   Putnamville Correctional Facility,  )
                                 )
            Respondent.          )

## Entry Discussing Petition for Writ of Habeas
## Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Willie James Herman, Jr., for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## The Petition for Writ of Habeas Corpus

Willie James Herman, Jr. is incarcerated at an Indiana prison serving a sentence for drug offense. He is also serving a sentence for battery. Only the former convictions are challenged here.

The matter is before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

The facts associated with Herman's conviction and challenge to that conviction in the state courts, as revealed by his petition for writ of habeas corpus and the supplement to such petition, are the following:

- ! Following a 2010 jury trial in Allen County, Herman was found guilty of possession of marijuana, hash and hash oil. The trial court imposed Herman's two year sentence on June 10, 2010.

- ! Herman did not file a direct appeal.

- ! Herman filed a post-sentencing motion claiming that he only received three days of jail time credit but that he was incarcerated 139 days awaiting trial. The trial court denied the motion on January 20, 2011.

- ! This action was filed with the clerk on February 24, 2011.

- ! The court directed Herman to supplement his petition for writ of habeas corpus by explaining whether he appealed the January 20, 2011, denial of his petition for jail time credit and if so, what circumstances existed that allowed him to proceed.

- ! Herman filed a supplement to the habeas petition, and in doing so explained that he did not file an appeal of the trial court's January 20, 2011, denial of his motion because he was told that it was too late to do so.

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

> Before considering a petition for habeas corpus on its merits, a district court must make two inquiries-whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default.

*Verdin v. O'Leary,* 972 F.2d 1467, 1472 (7th Cir. 1992).

"It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). Because of the doctrine's importance, "a federal habeas court can always raise procedural bar sua sponte." *Romano v. Gibson,* 239 F.3d 1156, 1168 (10th Cir. 2001); *see also Yeatts v. Angelone,* 166 F.3d 255, 261–62 (4th Cir. 1999) (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity to argue against dismissal). By not appealing the trial court's January 20, 2001, denial of his motion, Herman has procedurally defaulted his claim. *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992) (procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court.").

Herman explains that he filed a post-sentencing motion regarding the jail time credits, but did not appeal the trial court's denial of that motion on January 20, 2011. It is now too late for Herman to present this claim in the state court proceedings. Procedural default occurs when a petitioner failed to exhaust state remedies and the court to which he would have been permitted to present his claims would now find such claims procedurally barred. *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1990). Herman has not shown that he has properly utilized the full state court remedies regarding his claim of denial of jail time credit; on the contrary, his habeas petition suggests, and his supplement shows, that he has not done so. This is his procedural default.

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); *see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003). Herman has not shown the existence of circumstances permitting him to overcome the consequences of this default. Accordingly, the court is not permitted to reach the merits of the claim in his habeas petition.

"A [habeas] petition should be denied at once if the issues it raises clearly have been forfeited or lack merit under established law." *O'Connor v. United States,* 133 F.3d 548, 551(7th Cir. 1998). That is the case here. The petition for writ of habeas corpus is **denied.** Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings,* and 28 U.S.C. § 2253(c), the court finds that Herman has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 04/27/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana